UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIHALY RACZ,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                 Defendant. | NO:  13-CV-0096-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13 and 15).  Plaintiff is represented by Rebecca M. Coufal.  Defendant is represented by Nicole Jabaily.  This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*., at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on May 6, 2010, alleging an onset date of July 1, 2008. Tr. 125-30. His claims were denied initially and on reconsideration. Tr. 77-82, 84-87. Plaintiff appeared for a hearing before an Administrative Law Judge on August 30, 2011. Tr. 23, 46-72. The ALJ issued a decision on October 12, 2011, finding that Plaintiff was not disabled under the Act. Tr. 20-35.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2008, the alleged onset date. Tr. 25. At step two, the ALJ found that Plaintiff had severe impairments, Tr. 25-26, but at step three, the ALJ found that these impairments did not meet or medically equal a listed impairment. Tr. 26-28. The ALJ then determined that Plaintiff had the residual functional capacity to:

> perform medium work as defined in 20 CFR 404.1567(c) and
> 416.967(c) except he is limited to performing simple, routine and

repetitive tasks; he is limited to low stress jobs with only occasional decision making, occasional changes in work settings, and he should be shown changes in work settings rather than learn them otherwise; he should avoid jobs with fast-paced production requirements; and he should avoid interacting with the general public.

Tr. 28-32.  At step four, the ALJ found that Plaintiff was able to perform past relevant work as an agricultural produce packer, industrial truck operator, farm worker, or kitchen helper, and concluded on that basis that Plaintiff was not disabled.  Tr. 32-33.  As an alternative finding, the ALJ proceeded to step five and determined that if Plaintiff's RFC were adjusted from a "medium" to a "light" exertional level, and considering the Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform the representative occupations of small parts assembler, photocopy machine operator, and hand packager, and that such jobs existed in significant numbers in the national economy.  Tr. 33.  Thus, the ALJ concluded on this alternative basis that Plaintiff was not disabled and denied his claims.  Tr. 34.

On December 1, 2011, Plaintiff requested review of the ALJ's decision by the Appeals Council.  Tr. 14-19, 197-201.  The Appeals Council denied Plaintiff's request for review on January 18, 2013, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-5, 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits and supplemental security income disability benefits under Title II and Title XVI of the Social Security Act.  Plaintiff has identified two issues for review:

> 1. Whether the ALJ properly evaluated and weighed the medical opinion of William Errico, D.O.; and
>
> 2. Whether the ALJ had a duty to order a consultative psychological examination to further develop the record.

## DISCUSSION

### A. Opinion of Dr. William Errico, D.O.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).  However, the ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation and citation omitted).

Plaintiff contends that the ALJ erred in rejecting the opinions of treating physician Dr. William Errico and that the ALJ had a duty to inquire further into the nature of those opinions.  ECF No. 13 at 14-15.  Because Dr. Errico's opinions were contradicted, *see* Tr. 222-23, 238-42, 263, 265, the ALJ need only have given specific and legitimate reasons supported by substantial evidence to reject them. *Bayless*, 427 F.3d at 1216.

The ALJ gave two specific and legitimate reasons for rejecting Dr. Errico's opinions.  First, the ALJ noted that Dr. Errico's standard-form evaluation of Plaintiff's limitations was inconsistent with his own objective findings.  Tr. 31. This observation is supported by substantial evidence.  Although Dr. Errico's medical source statement dated July 26, 2011, indicates that Plaintiff could stand or walk for no more than two hours and sit for no more than six hours in an eight-hour workday, and that he could lift no more than 20 pounds occasionally and no more than 10 pounds frequently, *see* Tr. 318-19, his objective medical findings indicate that Plaintiff's gait is normal, that he rises from a seated position normally,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

and that Plaintiff claimed to be able to lift 30 pounds occasionally and 20 pounds regularly.  Tr. 299, 307.  Dr. Errico's physician assistant, Deborah Fisher, also observed in March 2011 that Plaintiff had "full range of motion of his back and . . . is able to fully squat and rise to an upright position without holding on."  Tr. 301.  The ALJ did not err in rejecting Dr. Errico's opinions based upon these discrepancies.  *Bayless*, 427 F.3d at 1216.

Second, the ALJ noted that Dr. Errico's opinions were based on Plaintiff's subjective assessment of his symptoms and limitations.  The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not credible, Tr. 29, 265, 282, and Plaintiff has not challenged that credibility finding on appeal.  Thus, the ALJ did not err in rejecting Dr. Errico's opinions which relied almost exclusively on Plaintiff's subjective complaints.  See *Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based to a large extent' on a claimant's self-reports that have been properly discounted as incredible.") (citations omitted).

### B. ALJ Duty to Develop the Record and Order a Consultative Psychological Examination

While a claimant ultimately bears the burden of establishing his disability, the ALJ has an affirmative duty to supplement the medical record to the extent it is incomplete.  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  The ALJ has a

special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Id.* (quotation and citation omitted). The ALJ's duty to develop the record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate, or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. *Id*. The ALJ may supplement an inadequate medical record by ordering a consultative examination. *Reed v. Massanari*, 270 F.3d 838, 843 (9th Cir. 2001).

Plaintiff contends the ALJ failed to fully develop the record by failing to order a consultative psychological examination as requested by DSHS, Plaintiff's representative, and Dr. Richard Beukema. ECF No. 13 at 10-12. Plaintiff asserts the ALJ's failure to order a psychological examination was not harmless error as evidenced by Plaintiff's subsequent detainment at Eastern State Hospital. ECF No. 13 at 12. Plaintiff offers no other evidence or support as to why a psychological examination was needed to develop the record.

Substantial evidence in the record supports the ALJ's findings. After the recommendation by Dr. Beukema for a "psych evaluation," in December 2009, Plaintiff, in fact, underwent a psychological evaluation performed by Dr. Rebecca McDougall in February 2010. Tr. 31, 290. Dr. McDougall assessed Plaintiff's cognitive limitations as "moderate" in his capacity to understand/remember/follow complex or simple instructions, learn new tasks, exercise judgment/make

decisions, perform routine tasks, relate appropriately to co-workers/supervisors, interact with the public, tolerate a normal work setting and maintain appropriate behavior in a work setting.  Tr. 31.  Dr. McDougall opined Plaintiff's thought form and content were unremarkable and his reasoning skills were concrete, but he displayed some difficulty in processing that might relate to lack of education.  Tr.31, 286.  Dr. McDougall recommended follow-up testing related to Plaintiff's learning disabilities and intellectual abilities, but because the ALJ accommodated for Plaintiff's learning disabilities in his residual functional capacity the record was sufficient for the ALJ to make a determination.  Tr. 28-32, 286.

Plaintiff received further testing by Dr. James Bailey in June 2010, and Dr. Edward Beaty in September 2010.  Tr. 32.  Dr. Bailey assessed Plaintiff as functionally capable of understanding, remembering and carrying out basic, routine work instructions.  *Id.*  Dr. Bailey concluded Plaintiff was capable of appropriate workplace social interactions with supervisors and coworkers, but he would need to be shown changes in the workplace and would do best working away from the demands of the general public.  Tr. 32, 247.  Dr. Beaty evaluated the medical evidence and affirmed Dr. Bailey's assessment.  Tr. 32, 274.  The psychological and medical examinations by Dr. McDougall, Dr. Bailey, and Dr. Beaty support the ALJ's finding that Plaintiff has a residual functional capacity to perform medium work.  Because the ALJ's finding is supported by substantial evidence, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

Court need not evaluate the relevance of Plaintiff's subsequent detainment at Eastern State Hospital.  Defendant is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**

    2.  Defendant's Motion for Summary Judgment (ECF No. 15) is

        **GRANTED**.

    The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** March 24, 2013.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13